CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
5/13/2024
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| **RALPH LEON HAYES,** | )<br>) |
| Appellant, | )<br>)  Case No. 6:23-cv-00083<br>)<br>)<br>)<br>) |
| v. | )  Hon. Robert S. Ballou<br>)  United States District Judge |
| **U.S. BANK TRUST, N.A., et al.** | )<br>) |
| Appellees. | ) |

## MEMORANDUM OPINION

Ralph Leon Hayes, proceeding *pro se*, filed an appeal from the United States Bankruptcy Court for the Western District of Virginia' denial of his request for an intra-district transfer to the Roanoke Division. Pursuant to Rule 8004 of the Federal Rules of Bankruptcy Procedure, the Court construes Hayes's notice of appeal as a motion for leave to appeal. The motion is **DENIED,** and his appeal is **DISMISSED.**

### I. Background

In the last two years, Hayes has filed five petitions for bankruptcy under Chapter 13 of the Bankruptcy Code, 11 U.S.C. §§ 301–66, to avoid foreclosure on property located at 1107 Ashburn Drive, Forest VA 24551, and has appealed at least nine bankruptcy court orders. This Court affirmed the bankruptcy court's dismissal of Hayes 2022 bankruptcy petition, *see Hayes v. Fay Servicing, LLC*, No. 6:22-cv-00063, 2023 WL 2541129 (W.D. Va. Mar. 16, 2023), and dismissed four additional appeals for lack of subject matter jurisdiction.[1] Most recently, this

---

[1] *Hayes v. U.S. Bank Trust, N.A. et al.*, No. 6:23-cv-00037,-00038,-00049, and -00064, 2023 WL 8631686 (W.D. Va. Dec. 13, 2023).

Court entered an order in three of Hayes's remaining appeals directing him to show cause as to why his cases should not be dismissed for failure to pay the necessary filing fees.[2]

The Court addresses Hayes eighth appeal here. Hayes seeks to appeal the Bankruptcy Court, Lynchburg Division's order denying his request that his "CH 13 be sent to US Bankruptcy Court in Roanoke, VA." Dkt. 1–2. In support of his request, Hayes noted that "[t]here are several appeals regarding cases in Lynchburg." *Id.* The Bankruptcy Court concluded that transfer was not appropriate because Hayes resides in Bedford County which is within the Lynchburg Division. *Id.*

Hayes filed this appeal on December 29, 2023. Dkt. 1. Hayes did not file a brief before the February 28, 2024, appellant brief deadline. Dkt. 3. On March 5, 2024, U.S. Trustee filed a motion to dismiss this appeal for lack of prosecution. Hayes filed a response on March 25, 2024.

**II.     Analysis**

Pursuant to 28 U.S. Code § 158, the district courts of the United States have jurisdiction to hear bankruptcy appeals "(1) from final judgments, orders, and degrees; (2) from interlocutory orders and decrees issued under section 1121(d) of title 11…; or (3) with leave of the court, from other interlocutory orders and decrees." An order denying a request to change venue is an interlocutory order, and it is not issued under 11 U.S.C. § 1121 (d). *See Ellicott Mach. Corp. v. Mod. Welding Co.*, 502 F.2d 178, 180 (4th Cir. 1974) ("It is well settled that the decision of a district judge on a motion for change of venue under section 1404(a) is not appealable as a final judgment"); 11 U.S.C. 1121 (d) (referring to orders related to the length of time a debtor has to file a reorganization plan). Thus, the court must grant leave to appeal under 28 U.S.C.

---

[2] *See* Case Nos. 6:24-cv-00004 (W.D. Va. filed Jan. 24, 2024), 6:24-cv-00011 (W.D. Va. filed March 12, 2024), 6:24-cv-00012 (W.D. Va. filed March 22, 2024). The Court also notes that Hayes has failed to pay the requisite filing fees for this appeal.

§ 158(a)(3) before it can consider Hayes's case. As Hayes has not filed a motion for leave to appeal, the Court will "treat [his] notice of appeal as a motion for leave to appeal." Fed. R. Bankr. P. 8004(d)(1).

Leave to appeal an interlocutory order should only be granted when exceptional circumstances demonstrate "'1) the order involves a controlling question of law, 2) as to which there is substantial ground for a difference of opinion, and 3) immediate appeal would materially advance the termination of the litigation.'" *KPMG Peat Marwick v. Estate of Nelco, Ltd., Inc.*, 250 B.R. 74, 78 (E.D. Va. 2000) (quoting *Atlantic Textile Group, Inc. v. Neal*, 191 B.R. 652, 653 (E.D. Va.1996)). All three of these criteria must be satisfied for the court to grant leave to appeal an interlocutory order. *Id*. at 79 (citation omitted).

Hayes's appeal does not satisfy the second and third elements. To establish that there is a "substantial ground for a difference of opinion" the party seeking leave to appeal must show that there is a difference of opinion between courts on the relevant question of law. *Id.* at 83–84. There is no such difference here. The Bankruptcy Court's order denying Hayes's request to change venue is consistent with 28 U.S. Code § 1408, which plainly provides that a "case under title 11 may be commenced in the district…"in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days." Thus, Hayes's appeal does not raise a "substantial ground for a difference of opinion."

Nor would granting Hayes leave to appeal "materially advance the termination of the litigation." The Bankruptcy Court has already dismissed Hayes's underlying petition because he refused to comply with, among other things, the requirements of the Bankruptcy Code. No. 23-61366, Dkt. 82. *Glennon v. Anheuser-Busch, LLC*, 2022 WL 18584800, at *3 (E.D. Va. Nov. 3,

2022). Reviewing the Bankruptcy Court's venue order at this time, rather than its final judgment, would merely prolong the litigation. Accordingly, Hayes motion for leave to appeal must be denied.

### III.     Conclusion

For the reasons stated herein, Hayes's appeal is construed as a motion for leave to appeal and is **DENIED**.  His appeal is **DISMISSED;** and the Clerk shall **STRIKE** the case from the court's active docket.

Entered:  May 12, 2024

*Robert S. Ballou*

Robert S. Ballou
United States District Judge